IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID IVERSON,<br>      Plaintiff,<br><br> vs.<br><br>JAMES C. BARNACLE; CINDY G.<br>WATSON; BRIAN V. COLEMAN;<br>CAPT. W. LEGGETT; LT. HOOPER;<br>LT. F. SALVAY; ROBERT TRETINIK;<br>TOM HOVANIC; D.D. STROTMAN;<br>JOHN ALBRIGHT; C/O I ROLL; SUPT.<br>JOHN K. MURRAY; MAJOR JOHN<br>HORNER; RODNEY CARBERRY;<br>SM. SCOTT FAIR; LT. W. TIFT,<br>      Defendants. | Civil Action No. 11-1108<br>Magistrate Judge Maureen P. Kelly |

## ORDER

Presently before this Court is Plaintiff's motion for the appointment of counsel [ECF No. 10], which requires the Court to determine whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action.

Plaintiff, Davis Iverson, an inmate at the State Correctional Institution at Camp Hill, has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs alleging that Defendants violated his Constitutional rights under the First, Eighth and Fourteenth Amendments.

In considering a motion for the appointment of counsel, the Court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1), fully recognizing that if successful counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives

1

the Court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of Plaintiff's allegations, it would appear that the appointment of counsel is not warranted and, therefore, the Court will not exercise its discretion.

Initially, it is too early in the litigation to evaluate whether Plaintiff's claims have merit. Nevertheless, in considering factors one and two – the litigant's ability to present his case and the

difficulty of the legal issues involved – it is clear that the issues presented in the complaint are neither difficult nor complex, and nothing in the record indicates that Plaintiff is incapable of presenting his case. In fact, Plaintiff has amply demonstrated his ability to file pleadings and motions and otherwise communicate with the Court. Similarly, the third consideration – the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation – does not weigh in favor of the appointment of counsel since it is unclear at this juncture what factual investigation, if any, will be necessary.

Further, while it may be that the credibility of witnesses will be at issue in the case, it does not appear that the case will become a "swearing contest" nor does it appear that proper adjudication will require the testimony of expert witnesses. Indeed, the only factor that seemingly weighs in Plaintiff's favor is the fact that he would be unable to afford to retain counsel on his own behalf as evidenced by his having requested and been granted *in forma pauperis* status. This factor alone, however, does not entitle Plaintiff to appointed counsel but should be considered only when the other factors weigh in Plaintiff's favor.

The Court does not intimate that Plaintiff would not benefit from the appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of our discretion. Thus, until such time as a showing is made that the interests of justice require our exercise of discretion, the Court declines to do so. See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981). Accordingly,

AND NOW, this 11th day of October, 2011, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and LCvR 72.C.2, Plaintiff is allowed to file an appeal to the District Judge by October 26, 2011. Failure to

timely file an appeal will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

By the Court,

/s/ Maureen P. Kelly
United States Magistrate Judge


Cc: David Iverson
 GE-2064
 SCI Camp Hill
 P.O. Box 200
 Camp Hill, PA 17001-0200